UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

UNITED STATES OF AMERICA

VS.                                    CRIMINAL NO. 3:10CR5TSL-LRA
                                       CIVIL ACTION NO. 3:11CV525TSL

TORIS YOUNG

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of defendant
Toris Young to vacate pursuant to § 2255 and to proceed <u>in</u> <u>forma</u>
<u>pauperis</u>.  It further appears that defendant may alternatively be
seeking relief pursuant to 18 U.S.C. § 3582.  Having considered
the motions and the record in this case, the court finds that the
motion to proceed <u>ifp</u> should be granted, while his § 2255 motion
and § 3582 are due to be denied.

On January 5, 2010, a four-count indictment was returned
against defendant, charging him with one count of bank fraud, one
count of uttering a securities forgery with intent to deceive and
two counts of misuse of a social security number.  Thereafter, on
June 3, 2010, Young, represented by appointed counsel and having
entered into a plea agreement with the government, pled guilty to
counts one and two.  Significantly, the plea agreement provided
that Young waived the right to challenge his conviction and
sentence "or the manner in which the sentence was imposed in any
post-conviction proceeding, including but not limited to a motion

brought under Title 28, United States Code, Section 2255." The court imposed two twenty-seven month sentences to run concurrently, with a five-year term of supervised release as to count one and a three-year term of supervised release as to count 2.

On August 17, 2011, Young filed this § 2255 motion, charging that the court improperly calculated the loss amount and that his trial counsel was ineffective on sentencing day. He additionally urges that the court should reconsider a two-point enhancement to his guideline calculation in light of the Sentencing Commission's recent decision to eliminate the addition of two criminal history points based on the temporal proximity of the offense of conviction to a prior term of imprisonment.

In this instance, it is clear that Young's § 2255 is barred by the waiver in his plea agreement. A waiver of a defendant's right to appeal or to seek relief pursuant to § 2255 will be upheld so long as the waiver is informed and voluntary. United States v. White, 307 F. 3d 366, 343-44 (5th Cir. 2002); see also United States v. Wilkes, 20 F. 3d 651, 654, (5th Cir. 1994) (waiver of right to seek § 2255 relief indistinguishable from right to appeal and may be waived under terms of plea agreement, save certain claims of ineffective assistance of counsel); United States v. Hollins, 97 Fed. Appx. 477, 479 (5th Cir. 2004) (§ 2255 waivers are valid, except for when there is an ineffective

assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum).

At his change of plea hearing, having been sworn by the court, Young affirmed that he had not been coerced or otherwise induced to enter into his plea agreement.  He further represented that his counsel had explained the plea agreement to him and that he understood its terms.  Young, by signing the MOU, agreed to waive his right to appeal the conviction or sentence or to contest the conviction or sentence pursuant to § 2255.  Clearly, Young's waiver was informed and voluntary and he has not raised any claims which must be considered notwithstanding the waiver. Thus, the MOU bars him from asserting the claims set out in his motion.

Defendant's request that the court reconsider his sentence due to the November 2010 amendment of the sentencing guidelines is alternatively construed as a motion for relief pursuant to 28 U.S.C. § 3582.  Under § 3582(c)(2), a district court may reduce a term of imprisonment where the defendant was sentenced based on a sentencing range that has subsequently been reduced by an amendment to the Sentencing Guidelines.  This being said, the court may reduce the sentence, only if such a reduction is consistent with the policy statements issued by the Sentencing Commission.  See 18 U.S.C. § 3582(c)(2); United States v. Boe, 117 F.3d 830, 831 (5th Cir. 1997).  Section 1B1.10(c) lists the

3

amendments to the guidelines that are eligible for retroactive effect.[1]  If an amendment is not listed in that section, a retroactive reduction in sentence is not authorized.  U.S.S.G. § 1B1.10(a)(1); see also United States v. Gonzalez-Balderas, 105 F.3d 981 (5th Cir. 1997).

Young requests relief pursuant to Amendment 742, which became effective in November, 2010, following his sentencing in June

---

[1] Section 1B1.10 provides, in pertinent part:
(a)(1) In General.--In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2).  As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions.--A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if--

(A) None of the amendments listed in subsection (c) is applicable to the defendant; or

(B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

. . . 

(c) Covered Amendments.--Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, and 706 as amended by 711.

2010, and which eliminated criminal history points based on "recency," that is, the temporal proximity of the offense of conviction to a prior term of imprisonment.  See United States Sentencing Commission, Guidelines Manual, Supp. to Appendix C, Amendment 742, pp. 354-56 (Nov. 1, 2010) (amending § 4A1.1(e)). Young, however, is not entitled to relief because amendment 742 is not listed as a retroactive amendment in § 1B1.10(c).  See § 1B1.10(a) & (c).  Accordingly, Young's alternative § 3582  motion will also be denied.  See U.S. v. Lindsey, No. 10-10769, 2011 WL 1758724, at *1 (5th Cir. May 9, 2011) ("Lindsey was sentenced prior to the effective date of Amendment 742, which deleted former Guideline § 4A1.1(e) and, thus, eliminated criminal-history points based on recency.  Because Amendment 742 has not been made retroactively applicable, the district court correctly applied former Guideline § 4A1.1(e).").

Based on the foregoing, it is ordered that defendant's § 2255 motion and his alternative motion pursuant to § 3582 are denied and that defendant's motion to proceed ifp is granted.

It is further ordered that a certificate of appealability is denied.  Defendant has failed to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000).

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 7th day of September, 2011.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE